STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
JON P. WORTHMAN, RESPONDENT.

686 N.W.2d 586

Filed September 24, 2004.   No. S-04-053.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Jon P. Worthman, was admitted to the practice of law in the State of Nebraska on September 22, 1994, and at all times relevant hereto was engaged in the private practice of law in Alliance, Nebraska. On January 13, 2004, formal charges were filed against respondent. The formal charges set forth two counts that included charges that respondent violated the following provision of the Code of Professional Responsibility: Canon 9, DR 9-102(A)(2) (failing to preserve identity of funds and property of client). On August 24, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he knowingly did not challenge or contest the truth of the allegation that he violated DR 9-102(A)(2), and in effect waived all proceedings against him in connection therewith in exchange for a public reprimand and probation. Upon due consideration, the court approves the conditional admission.

## FACTS

In summary, the formal charges allege that respondent was engaged in proceedings to dissolve his marriage and that during the dissolution proceedings, respondent deposited into his attorney trust account three insurance checks that he had received resulting from hail damage to property belonging to respondent and his spouse. It is undisputed that the checks were neither exclusively respondent's personal funds nor funds belonging to a client. It is also undisputed that at the time respondent deposited the checks into his attorney trust account, client funds were being held in the account.

The formal charges further allege that in January 2002, respondent undertook the representation of a client in a dissolution action and that during the course of that representation, the client paid respondent a total of $1,000, a portion of which represented advanced fees. Respondent failed to deposit the advanced fees into his attorney trust account and, instead, deposited the fees into his general account. The formal charges further allege that respondent later refunded a portion of the advanced fees to the client, at the client's request.

## ANALYSIS

Rule 13 provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly does not challenge or contest the essential relevant facts outlined in the formal charges and knowingly does not challenge or contest that he violated DR 9-102(A)(2). We further find that respondent waives all proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 9-102(A)(2) and that respondent should be and hereby is publicly reprimanded. We further order that respondent be on probation for a period of 1 year, effective immediately, during which time respondent will submit, on a quarterly basis, his general and trust accounts to a certified public accountant, who shall review the same and submit, on a quarterly basis, a written report regarding the review to the Counsel for Discipline of the Nebraska Supreme Court. Respondent is

directed to pay the accountant's costs and expenses for this service. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.